UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MANOLO SOTO-PEREZ,

　　Petitioner,

　　v.

UNITED STATES OF AMERICA,

　　Respondent.

Civil No. 12-1096 (JAF)

(Criminal No. 07-208)

**OPINION AND ORDER**

Petitioner, Manolo Soto-Pérez, appearing pro se, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket Nos. 1; 1-1.) The Government opposes (Docket No. 7), and Petitioner replies (Docket No. 10).

**I.**

**Background**

On May 23, 2008, Petitioner and his two codefendants were convicted by a jury of two criminal counts in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 et seq. (2006). (Crim. Docket Nos. 14; 149.) Count One charged Petitioner with possession of cocaine with the intent to distribute, 46 U.S.C. § 70503; and Count Two charged Petitioner with aiding and abetting that crime, 18 U.S.C. § 2. (Crim. Docket No. 14.) See also United States v. Matos-Luchi, 627 F.3d 1 (1st Cir. 2010) (affirming conviction of Petitioner and his codefendants in consolidated appeal) (Boudin, J.).

On September 3, 2008, this court sentenced Petitioner to an imprisonment term of two hundred thirty-five (235) months as to each count, to be served concurrently with each other. (Crim. Docket No. 167.) On September 11, 2008, Petitioner entered a notice of appeal. (Crim. Docket No. 170.) On December 1, 2010, the Court of Appeals affirmed Petitioner's convictions and sentences. Matos-Luchi, 627 F.3d 1 (1st Cir. 2010).

In this collateral challenge, Petitioner argues three grounds for relief: 1) his attorneys provided ineffective assistance of counsel; 2) the MDLEA is unconstitutional; and 3) the government interfered with a key defense witness, thus violating his right to a fair trial. (Docket Nos. 1; 1-1.) For the reasons that follow, we reject each of these arguments.

## II.

## **Legal Standard**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review). As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court

system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013 U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

## III.

## Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**A.    Ineffective Assistance of Counsel**

Petitioner argues that he received ineffective assistance of counsel at trial and on appeal. He claims that his attorneys committed five errors: 1) his trial counsel failed to locate and compel a key defense witness; 2) trial counsel failed to establish record evidence that the government had purposely misled the defense; 3) trial counsel failed to object to a jury instruction; 4) trial and appellate counsel abandoned a challenge to the reliability of the ion scanner; and 5) trial counsel failed to present evidence of § 3553 sentencing factors at sentencing. (Docket No. 1-1 at 1.) These arguments fail.

Petitioner first argues that his trial counsel failed to locate and compel a key defense witness. (Docket No. 1-1 at 3.) We have already rejected a nearly identical argument raised by Petitioner's codefendant in a § 2255 motion in this court. See Matos-Luchi v. United States, Civ. No. 11-2230, 2012 WL 1854027, at *2-3 (D.P.R. May 21, 2012). As did his codefendant, Petitioner argues that he received ineffective assistance when his counsel failed

to locate and compel the attendance of a potential defense witness, Carmelo Matos-Rodríguez ("Matos-Rodríguez").  Matos-Rodríguez was a Dominican official aboard the Dominican Coast Guard cutter that intercepted Petitioner's yola.[1]  The Court of Appeals noted that "the government apparently attempted to secure [Matos-Rodríguez's] presence at trial.  But the defendants incorrectly identified Matos Rodriguez as a member of the 'Dominican Coast Guard' when he was in fact with the Dominican equivalent of the Drug Enforcement Agency."  Matos-Luchi, 627 F.3d at 8.  By the time "the error was discovered and Matos Rodriguez located, there was insufficient time to get him the necessary documents to travel to the United States.  The defendants never sought a continuance."  Id.  On appeal, Petitioner and his codefendants argued that "the government denied them a fair trial by failing to produce [Matos-Rodríguez], the only witness allegedly in a position to settle the identification issue;" now Petitioner blames his trial counsel, both for failing to produce the witness and for failing to create record evidence of the government's alleged interference with this witness. (Docket No. 1-1 at 2, 5.)

Petitioner states that Matos-Rodríguez "would have testified that [Petitioner] was not on the yola involved in the drug transaction." (Docket No. 1-1 at 3.)  But Petitioner provides no support for this bold assertion.  As both we and the Court of Appeals have already noted, Matos-Rodríguez "is an officer of the Dominican DEA, and he could have testified about the positive 'ion scans of cocaine residue on the skin and clothing of the defendants.'" Matos-

---

[1] For a more detailed narrative of the relevant facts, see Matos-Luchi, 627 F.3d 1, 2.  Officers from the U.S. Coast Guard first spotted a low-flying airplane that dropped several bales of cocaine into the sea, approximately thirty to thirty-five miles off the coast of the Dominican Republic.  Id.  Petitioner and his codefendants were in a "small boat waiting nearby-a twenty to twenty-five foot fishing 'yola' propelled by an outboard motor and allegedly crewed by the three defendants-then approached the drop site and began to retrieve the bales." Id.  Petitioner and his codefendants attempted to flee, unsuccessfully, in their yola; later, "[a]t the request of the U.S. Customs officials, a Dominican Coast Guard cutter sailed out to retrieve the yola and its crew." Id. at 2.

Case 3:12-cv-01096-JAF   Document 11   Filed 06/19/13   Page 5 of 9
Civil No. 12-1096 (JAF)                                                                                    -5-

Luchi v. United States, 2012 WL 1854027, at *3 (quoting Matos-Luchi, 627 F.3d at 8).  We doubt very much that an officer of the Dominican DEA would have testified that Petitioner was not on board the yola.  After Petitioner testified during trial that he was not on board the yola, we stated our belief that he had committed perjury and considered adding points to his base offense level for obstructing justice.  (Crim. Docket Nos. 155; 183.)  We have no reason to trust his unsupported assertions now. Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001).  Because Petitioner has failed to show prejudice for Matos-Rodríguez's failure to appear, his claim fails.  See generally Strickland v. Washington, 466 U.S. at 668, 688 (1984) (requiring prejudice to state a claim for ineffective assistance of counsel).

Petitioner also claims that the government purposefully misled his attorneys regarding the appearance of Matos-Rodríguez.  (Docket No. 1-1 at 5.)  This allegation is completely unsupported, and we deem it waived.  Cody, 249 F.3d at 53 n.6.  As the Court of Appeals noted, no government interference "is evident in this case."  Matos-Luchi, 627 F.3d at 8.  If anything, the failure of Matos-Rodríguez to testify was the fault of Petitioner's attorneys, who incorrectly identified Matos-Rodríguez as a member of the Dominican Coast Guard and were unable to secure his appearance by the time their mistake was discovered.  See id.  Because we find no sign of any government attempts to mislead Petitioner's counsel, we reject this claim.  Cody, 249 F.3d at 53 n.6.

Petitioner next claims that his trial counsel was ineffective when he failed to object to this court's jury instruction on the question of identification.  (Docket No. 1-1 at 2.)  Petitioner argues that his counsel should have submitted a more precise and demanding jury instruction. (Docket No. 10 at 1.)  This claim fails.  Petitioner cites no law to support his claim that such a precise and demanding jury instruction was required.  (Id.)  In fact, the

Court of Appeals reviewed our instruction to the jury regarding identification, and found it sound. Matos-Luchi, 627 F.3d 1, 9 ("[O]n reading the instruction ourselves, we see no error at all."). In court on May 23, 2009, we instructed the jury that "every factual finding that you make in this case, including identification, has to be made beyond a reasonable doubt." (Crim. Docket No. 156 at 8.) Because Petitioner has failed to demonstrate prejudice for his counsel's alleged failure to submit a more precise instruction, this claim fails. Strickland, 466 U.S. at 688.

Petitioner's fourth claim is that trial and appellate counsel were ineffective because they abandoned a challenge to the ion scan's admissibility. (Docket Nos. 1-1 at 4; 10 at 3-4.) Petitioner argues that his trial and appellate counsel should have argued that the ion scans were unreliable, both in his particular case and as a matter of law. (Docket No. 1-1 at 4.) On direct appeal, the First Circuit found that Petitioner's counsel had waived these arguments as undeveloped. Matos-Luchi, 627 F.3d at 8 n.8 (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990)). Petitioner cannot ground an ineffective assistance claim on counsels' failure to press this argument further, because he has failed to demonstrate prejudice. See Strickland, 466 U.S. at 688. While the law on ion scans is "particularly sparse, several courts have found them reliable enough." Braun v. Maynard, 652 F.3d 557, 561 (4th Cir. 2011) (collecting cases) (Wilkinson, J.). Ion scanning machines are "widely used" law enforcement tools that have a "recognized capacity" to detect drugs and other chemicals. See id. (citing United States v. Hernández–De La Rosa, 606 F.Supp.2d 175, 179 (D.P.R. 2009)). We see no good reason to find ion scanning machines unreliable in this case or generally, and we reject Petitioner's claim.

Petitioner's fifth claim is that his attorneys failed to argue any statutory sentencing factors under § 3553 that would have justified a below-guidelines sentence. (Docket Nos. 1-1 at 4; 10 at 4.) This claim is contradicted by the record. (Crim. Docket No. 187 at 4.) As the government notes (Docket No. 7 at 6), Petitioner's counsel did, in fact, move for downward departure based on the § 3553(a) factors, arguing that Petitioner was merely a "minimal participant" in the offense. (Crim. Docket No. 187 at 4.) We rejected this absurd argument, noting that Petitioner was one of three men "using boats to pick up drugs on the high seas with airplanes coming from God knows where." (Id. at 5.) In the end, we sentenced Petitioner to 235 months, at the lower end of the applicable guidelines range. (Crim. Docket No. 187.) Considering the seriousness of the offense and Petitioner's likely perjury while on the stand, Petitioner's sentence was well within reason. Because Petitioner cannot demonstrate prejudice for his counsel's performance at sentencing, there is no ineffective assistance of counsel claim here. Strickland, 466 U.S. at 688.

**B.    Constitutional Challenge to MDLEA**

As his second ground for relief, Petitioner argues that the MDLEA is unconstitutional. (Docket No. 1-1 at 6-9.) Petitioner does not cite to any specific legal authority for any of his arguments. (Id.) Because Petitioner did not raise this argument on direct appeal, it is procedurally barred here. See United States v. Frady, 456 U.S. 152, 167 (1982). Petitioner has failed to show cause or prejudice for his failure to raise this argument on appeal. Strickland, 466 U.S. at 688.

The First Circuit recently rejected a constitutional challenge to the MDLEA, noting that "Congress was invoking its constitutional power to define and punish Piracies and Felonies committed on the high seas in making drug trafficking unlawful under the

MDLEA." United States v. Nueci-Pena, 711 F.3d 191, 198 (1st Cir. 2013) (citing Matos–Luchi, 627 F.3d at 3; United States v. Mitchell–Hunter, 663 F.3d 45, 49 n. 3 (1st Cir. 2010)) (internal quotations omitted). Moreover, the three other circuit courts that have addressed the issue have held that the MDLEA is constitutional. See United States v. Estupinan, 453 F.3d 1336, 1338–39 (11th Cir.2006); United States v. Ledesma–Cuesta, 347 F.3d 527, 531–32 (3d Cir.2003); United States v. Suerte, 291 F.3d 366, 376–77 (5th Cir.2002). We are unaware of any other circuit court or Supreme Court precedent to the contrary. Therefore, we reject Petitioner's unsupported claim that the MDLEA is unconstitutional.

**C.    Government Interference with Witness**

Finally, we address Petitioner's assertion that the government interfered with his defense by affirmatively misinforming him that Matos-Rodríguez would appear at trial to testify. (Docket No. 1-1 at 9.) As we noted above, Petitioner and his codefendants already raised this claim on direct appeal, where it was rejected.[2] See Matos-Luchi, 627 F.3d at 8 (noting that "nothing like [government interference in the production of witnesses] is evident in this case."). The Court of Appeals noted that defendants' attorneys were primarily responsible for Matos-Rodríguez's failure to appear. See id. The missteps by defendants' attorneys—providing mistaken information about Matos-Rodríguez and then failing to move for a continuance—cannot be blamed on government interference. See id. In any case, because this claim was already raised and rejected on direct appeal, Petitioner is barred from bringing it here. See Murchu v. United States, 926 F.2d 50, 55 (1st Cir.1991) ("Issues

---

[2] As we also noted above, Petitioner has provided no support to lend credence to this dubious allegation. We reiterate our belief that Matos-Rodríguez would have made no material difference to Petitioner's case.

resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion.") (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir.1967)).

## IV.
## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Soto-Pérez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Soto-Pérez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of June, 2013.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE