UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MANOLO SOTO-PEREZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 12-1096 (JAF)

(Crim. No. 07-208)

**MEMORANDUM ORDER**

Petitioner, Manolo Soto-Pérez ("Soto"), appearing pro se, asks us to reconsider our denial of his petition to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 15.) We denied his original petition on June 19, 2013. (Docket No. 11.) On August 19, 2013, Soto entered a motion for reconsideration. (Docket No. 15.) His motion largely repeats his previous claims that: 1) testimony was not obtained from a key defense witness; 2) the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 et seq. (2006), is unconstitutional; and 3) there was either government misconduct or ineffective assistance of counsel in failing to procure the witness. (Docket No. 15.) Because Soto is repeating his prior claims, this motion for reconsideration is a second or successive petition requiring circuit approval. Soto already entered a Notice of Appeal to the First Circuit on August 20, 2013, under USCA Case Number 13-2104, but has not received a ruling. (Docket Nos. 16-18.) We note the claims that require prior certification and determine that the remaining claim of actual innocence fails.

## I.

## **Background**

On May 23, 2008, Soto and his two codefendants were convicted by a jury of two criminal counts in violation of the MDLEA. (Crim. Docket Nos. 14; 149.) Count One charged Soto with possession of cocaine with the intent to distribute on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70503; and Count Two charged Soto with aiding and abetting that crime, 18 U.S.C. § 2. (Crim. Docket No. 14.)

On September 3, 2008, this court sentenced Soto to two-hundred thirty-five (235) months imprisonment for each count, to be served concurrently. (Crim. Docket No. 167.) On September 11, 2008, Soto entered a notice of appeal. (Crim. Docket No. 170.) On December 1, 2010, the Court of Appeals affirmed Soto's convictions and sentences. United States v. Matos-Luchi, 627 F.3d 1 (1st Cir. 2010). On February 13, 2012, Soto filed a petition to vacate his sentence under 28 U.S.C. § 2255. He claimed that: 1) his attorneys provided ineffective assistance of counsel; 2) the MDLEA was unconstitutional; and 3) the government interfered with a key defense witness, thus violating his right to a fair trial. (Docket Nos. 1; 1-1.) We denied his petition on June 19, 2013. (Docket No. 11.) On August 19, 2013, Soto submitted the current motion for reconsideration of his 28 U.S.C. § 2255 motion. (Docket No. 15.) He repeats his previous claims that the MDLEA is unconstitutional and that there was either government misconduct or ineffective assistance of counsel. (Docket No. 15.) This is largely a second or successive petition requiring circuit approval that Soto has not received. The only portion we have not previously reviewed is the vague witness testimony, which the court assumes is meant to support a claim of actual innocence.

Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ..."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Soto entered a Notice of Appeal to the First Circuit on August 20, 2013, under USCA Case Number 13-2104, but has not received a ruling. (Docket Nos. 16-18.) We note the claims that require prior certification and determine that the remaining claim of actual innocence fails.

## II.

## **Claims**

First, Soto asserts that we have overlooked an email from his private investigator that "unequivocally states" that Soto was not aboard any of the boats involved. (Docket No. 15 at 1.) This amounts to a claim of actual innocence. However, the private investigator only stated that when he asked the witness, a Dominican drug enforcement agent, if he believed Soto was guilty, the witness said "no." (Docket No 15-1.) The investigator wrote that he has been unable to conduct a full interview and that he doubts his ability to do so. (Docket No. 15-1.) If Soto is raising this as a claim of actual innocence, he must show that "in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299 (1995). At Soto's original trial, the government presented video footage; photographs showing Soto and his codefendants off-loading drug bales; and a log of ion scans for cocaine residue. (Crim.

No. 07-00208, Docket No. 150.) The addition of this barebones testimony does not make it "more likely than not" that no juror could find Soto guilty. See Schlup, 513 U.S. at 299.

Secondly, Soto asserts that his challenge to the constitutionality of the MDLEA cannot be procedurally defaulted. (Docket No. 15 at 2.) Because this is an attempt to re-litigate prior claims in a second petition, Soto requires prior circuit approval which he has not obtained. See 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255. In any event, because he failed to raise this argument in prior proceedings, the proper standard of review becomes plain error, which requires a showing of "(1) error (2) that is plain, and (3) that affects substantial rights," as well as a showing that (4) the error "seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." United States v. Nueci-Pena, 711 F.3d 191, 197 (2013) (quoting Johnson v. United States, 520 U.S. 461, 467(1997)). We find this unlikely given the case law supporting the constitutionality of the MDLEA. The First Circuit has recently reiterated that Congress was "[i]nvoking its constitutional power '[t]o define and punish Piracies and Felonies committed on the high seas'" when it made drug trafficking illegal under the MDLEA. Nueci-Pena, 711 F.3d at 198 (quoting Matos-Luchi, 627 F.3d at 3).

Thirdly, Soto infers either government misconduct or ineffective assistance of counsel due to the unavailability of the Dominican drug enforcement agent as a witness. (Docket No. 15 at 3.) Soto claims that "the record reveals the government either falsely or wrongly assured defense counsel that they would ensure agent Matos-Rodriguez's appearance at trial." (Docket No. 15 at 3.) This claim is barred because Soto already raised it on direct appeal, where it was rejected. See Matos-Luchi, 267 F.3d at 8; Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991). It was also raised in Soto's prior § 2255 motion. (Docket No. 1-

1 at 1.)  This bars review without prior circuit approval.  See 28 U.S .C. § 2244(b)(3)(A); 28 U.S.C. § 2255.  Soto further claims that his counsel's failure to secure the Dominican drug enforcement agent as a witness constitutes ineffective assistance of counsel.  This claim was already raised in his prior § 2255 motion.   (Docket No. 1-1 at 1.)  It is, therefore, barred without prior circuit approval.  See 28 U.S .C. § 2244(b)(3)(A); 28 U.S.C. § 2255.  The only new information is an email from a private investigator.  The investigator states that when he asked the witness if he believed Soto was guilty, the witness simply said "no" without further explanation.  The investigator has been unable to conduct a full interview and wrote that he doubts his ability to do so. (Docket 15-1.)  To succeed on a claim for ineffective assistance of counsel, Soto must show both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Wash., 466 U.S. 668, 688-94 (1984).  At Soto's original trial, the government presented video footage; photographs showing Soto and his codefendants off-loading drug bales; and a log of ion scans for cocaine residue.  (Crim. No. 07-00208, Docket No. 150.)  Once the admitted evidence is stacked against the witness' vague assertion, we fail to see a "reasonable probability [that] the result of the proceeding would have been different" had this additional information been presented at trial.  Strickland, 466 U.S. at 694.

## III.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").  We grant a COA only upon "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable jurist could find our assessment of Soto's constitutional claims debatable or wrong.  He has already requested a COA directly from the First Circuit, however, pursuant to Rule of Appellate Procedure 22.  (Docket No. 16-18.)

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's motion for reconsideration (Docket No. 15).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of September, 2013.

                                                       S/José Antonio Fusté
                                                       JOSE ANTONIO FUSTE
                                                       U. S. DISTRICT JUDGE